UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 3:21-CR-23-TAV-DCP-1 |
| VONTRAIL RUTLAND, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1) [Doc. 80] and supplements thereto [Docs. 82, 85, 87]. The government has responded in opposition [Doc. 84], and defendant has replied [Doc. 86]. For the reasons set forth more fully below, defendant's motion [Doc. 80] will be **DENIED**.

**I.     Background**

On October 6, 2021, defendant pled guilty to Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (Count 1) and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2) [Docs. 35, 46]. At sentencing, the presentence investigation report ("PSR") calculated defendant's guideline range as 111 to 117 months [PSR ¶ 62]. The Court ultimately sentenced defendant to a term of 129 months' imprisonment, consisting of 45 months as to Count 1 and 84 months as to Count 2, to run consecutively, followed by a 5-year term of supervised release, as well as restitution in the amount of $1,800 [Doc. 60]. In imposing this sentence, the Court granted the government's

motion for an upward variance, based on (1) the particularly violent nature of this offense, and (2) defendant's history of violent criminal conduct [Doc. 70, pp. 29–31]. Defendant appealed his convictions and sentence [Doc. 63], and the Sixth Circuit affirmed [Doc. 71].

## II. Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that

2

the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 829].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a

3

compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that defendant appears to have exhausted his administrative remedies [Doc. 84, p. 2]. Accordingly, the Court will address the merits of defendant's compassionate release request.

B.  Section 3553(a) Factors

As noted above, the Court need not address all of the requirements of § 3582(c)(1)(A) if one is lacking. *Elias*, 984 F.3d at 519. In this instance, the § 3553(a) factors weigh against granting compassionate release, and therefore, the Court declines to address whether defendant has established extraordinary and compelling grounds for release.

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). 18 U.S.C. § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491

4

(2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *Id.*

In finding that the § 3553(a) factors, and particularly, the nature and circumstances of this offense and the history and characteristics of the defendant, weigh against granting compassionate release, the Court reiterates its conclusions from the sentencing hearing:

> [L]ooking first at the motion itself to grant the upward variance, the Court does note, does recognize that Hobbs Act Robberies in themselves are violent, and the Court has had other Hobbs Act Robberies before it that have not necessarily warranted or there's been not a request for an upward variance; but here the Court notes specifically the . . . violent nature of the, of this crime, the brandishing of the firearm, the barrel of the gun being to the back of the head, again, as reflected in the discussion of the offense conduct in this case . . . . And not only the barrel to the back of the head but . . . the victim who testified, the victim being ordered to and placed down on his knees with the gun, the barrel of the gun at the back of his head. Certainly there was also in that regard . . . there was the Court would determine and even elevated factor of fear and terror based on those facts and circumstances.
>
> . . .
>
> And not only the terror instilled as the government argued from the offense conduct herein but also coupled with the violent aspects of defendant's past criminal history, the Court recognizes the criminal history is somewhat limited, and he's only a criminal history category II; but the Court does not in that regard, again, that the nature of those convictions being domestic assault as well as reckless endangerment with a dangerous weapon conviction, the Court believes that consideration of the violent nature and the domestic assault nature of that or those convictions further takes this case outside the heartland of similar cases such as to justify as an upward variance from the guidelines range[.]

5

[Doc. 70, pp. 29–31]. These same facts warrant the conclusion that a reduction of defendant's sentence to time served is not appropriate. As part of his plea agreement, defendant admitted that he, along with a codefendant, robbed the Gas Express in Alcoa [Doc. 35, p. 2]. Defendant entered the store with a firearm brandished, approached a customer, put the firearm to the back of his head, and forced him down to his knees, while his co-defendant went to the cash register and filled a bag with U.S. Currency [*Id.* at 2–3]. The Court notes that this is a particularly serious offense, and raises significant concern about the need to protect the public from defendant's conduct.

The Court also notes that defendant has served only a fraction of his 129-month sentence at this juncture—approximately 52 months [*See* Doc. 84-1]; *United States v. Kimball*, 988 F.3d 945, 947 (6th Cir. 2021) (holding that "the amount of time served is relevant to several § 3553(a) factors"). And, of particular relevance, 52 months is well below the mandatory minimum 84-month sentence for defendant's brandishing a firearm conviction alone. *See* 18 U.S.C. § 924(c).

Further, in his reply brief, defendant appears to contest whether the Court appropriately found that this case involved violence of a level that took this case outside the heartland of similar cases, by alleging that the victim did not testify at sentencing that he was forced to his knees, but rather, that he was told to lay down several times and resisted that command [Doc. 86, pp. 1–2]. But, regardless of the victim's testimony at sentencing, defendant agreed in the factual basis of his plea agreement that he forced the victim to his knees [*See* Doc. 35, pp. 2–3]. Moreover, whether the victim actually knelt or

6

laid down is not the point—the point is that defendant, holding the victim at gunpoint, repeatedly ordered the victim to lay down or kneel on the ground, which is exceptionally violent conduct that would have instilled fear and terror in the victim, thus warranting the upward variance in this case.  And, ultimately, defendant's arguments regarding whether this offense was violent raises concern about defendant's acceptance of responsibility and his potential future danger to the public.

In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole.  On the record before the Court, the § 3553(a) factors weigh against early release, and defendant's motion for compassionate release [Doc. 80] will be denied.

### IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 80] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
